IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL W. GROGAN,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>DR. JAVATE, DR. JAN PIERRE; DR. SANGHA; J. CLARK KESSEL; CALIFORNIA PRISON HEALTH CARE CORPORATION;<br><br>　　　　Defendants.　　　　　　　／ | No. C 11-6305 WHA (PR)<br><br>**ORDER OF DISMISSAL** |

## INTRODUCTION

Plaintiff, a California prisoner proceeding pro se, filed a pro se civil rights complaint under 42 U.S.C. 1983. He has been granted leave to proceed in forma pauperis in a separate order.

## ANALYSIS

Plaintiff claims that he has received inadequate medical care at the California Training Facility in Soledad, California, and at the California State Prison, Centinela.

The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a).

Compliance with the exhaustion requirement is mandatory. *Porter v. Nussle*, 534 U.S. 516, 524 (2002); *Booth v. Churner*, 532 U.S. 731, 739-40 & n.5 (2001). The administrative remedies need not meet federal standards, nor need they be "plain, speedy and effective." *Porter*, 534 U.S. at 524.

Although nonexhaustion under § 1997e(a) is an affirmative defense, a prisoner's concession to nonexhaustion is a valid ground for dismissal. *Wyatt v. Terhune*, 315 F.3d 1108, 1119-20 (9th Cir. 2003). Accordingly, a claim may be dismissed without prejudice if it is clear from the record that the prisoner concedes that he did not exhaust administrative remedies. *Id.*

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections and Rehabilitation ("CDCR"). *Id.* § 3084.5; *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). This satisfies the administrative remedies exhaustion requirement under § 1997e(a). *Id.* at 1237-38. A prisoner need not proceed further and also exhaust state judicial remedies. *Jenkins v. Morton*, 148 F.3d 257, 259-60 (3d Cir. 1998). Nor is a prisoner required to comply with the California Tort Claims Act and present his claims to the State Board of Control in order to fulfill the exhaustion requirement. *Rumbles v. Hill*, 182 F.3d 1064, 1070 (9th Cir. 1999), *overruled on other grounds by Booth v. Churner*, 532 U.S. 731 (2001).

In his complaint, plaintiff states that his administrative appeal at the third level, namely to the CDCR Director, is still pending and that he "expect[s] it to be denied." This does not satisfy the exhaustion requirement. He must wait until the Director's level of review is complete, i.e. a decision has been rendered, before he files his complaint in federal court. *McKinney v. Carey*, 311 F.3d 1198, 1199 (9th Cir. 2002) (holding that a prisoner case must be dismissed unless the prisoner exhausted his available administrative remedies <u>before</u> he or she

1  filed suit, even if the prisoner fully exhausts while the suit is pending). Because plaintiff
2  concedes in his complaint that the appeal at the Director's level of review has not been decided,
3  it is clear from the complaint that his claims have not been exhausted. Accordingly, the claims
4  must be dismissed without prejudice to re-filing after all the Director decides the appeal and
5  plaintiff's claims are exhausted.

## CONCLUSION

This case is **DISMISSED** without prejudice to filing a new case after exhausting all available administrative remedies. The clerk shall enter judgment and close the file.

**IT IS SO ORDERED.**

Dated: December  20 , 2011.



WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

G:\PRO-SE\WHA\CR.11\GROGAN6305.DSM-EXH.wpd